United States District Court
Southern District of Texas

**ENTERED**

August 02, 2023

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SANDRA TOVAR SMITH *a/n/f* Cn.T., a minor, MIGUEL TOVAR, CALEB TOVAR, HECTOR PEREZ, and GRACIELA PEREZ, | § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 7:23-cv-00167 |
| GERMAN TREVINO CERVANTES, JOSE DE JESUS LOREDO CHAVEZ, and JOSE ABRAHAM LOREDO CHAVEZ | § § § § § | |
| Defendants. | § | |

## OPINION AND ORDER

The Court now considers "Plaintiffs' Opposed Motion to Remand"[1] and "Defendants' Response to Plaintiffs' Opposed Motion to Remand."[2] After considering the motion, record, and relevant authorities, the Court **GRANTS** the motion to remand and **REMANDS** this case to state court.[3]

### I.  BACKGROUND AND PROCEDURAL HISTORY

This is a wrongful death case arising out of a motor vehicle collision occurring on November 6, 2015.[4] "Plaintiffs alleged that former Defendant Marcos Tovar (a Texas citizen) collided into the rear of a tractor-trailer owned by Defendant German Trevino Cervantes (a citizen of Mexico) and operated by Defendant Jose Loredo Garza (a citizen of Mexico).[5] Clarisa Tovar

---

[1] Dkt. No. 5.
[2] Dkt. No. 6.
[3] Dkt. No. 5.
[4] Dkt. No. 1-3
[5] Dkt. No. 5 at 2.

(the wife of former Defendant Marcos Tovar) was killed in the collision. It is undisputed that all Plaintiffs, the wrongful death beneficiaries of Clarisa Tovar, are (and were) citizens of Texas."[6]

Plaintiffs commenced this action with the filing of their original petition in state court on December 3, 2015.[7] The original petition only named Defendant German Trevino Cervantes and Marcos Tovar.[8] Defendant Jose Loredo Garza was added with the third amended original petition. Plaintiffs settled all their claims against the only non-diverse Defendant, Marcos Tovar in June 2017.[9] The state court signed the agreed final judgment against that Defendant on August 15, 2017.[10]

Defendant Jose Loredo Garza died in January of 2021 and a suggestion of death was filed in February 2021.[11] The writs of scire facias were issued for his heirs, Jose de Jesus Loredo Chavez and Jose Abraham Loredo Chavez in April 2023.[12] Both Defendants answered in state court in May 2023.[13] Defendants removed to this Court on May 18, 2023.[14] Plaintiffs filed their opposed motion to remand on June 6, 2023.[15] The Court now turns to that motion.

## II. DISCUSSION

### a. Legal Standard

It is a "well-settled principle that litigants can never consent to federal subject matter jurisdiction, and the lack of subject matter jurisdiction is a defense that cannot be waived."[16]

---

[6] *Id.*
[7] Dkt. No. 1-3.
[8] *Id.*
[9] Dkt. No. 1-9 at 11-18.
[10] *Id.*
[11] Dkt. No. 1-2 at 13.
[12] Dkt. Nos. 1-4 and 1-5.
[13] Dkt. Nos. 1-6 and 1-7.
[14] Dkt. No. 1.
[15] Dkt. No. 5.
[16] *Gonzalez v. Guilbot*, 255 F. App'x 770, 771 (5th Cir. 2007) (citing *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir.1996)); *see* 28 U.S.C. § 1447(c).

District courts have limited jurisdiction and the authority to remove an action from state to federal court is solely conferred by the Constitution or by statute.[17]

As to the proper timing of the removal, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[18] However, "untimely removal is not a jurisdictional defect, the procedural imperfection is waived if not raised in a timely motion to remand."[19] Additionally, under § 1446(c), "[a] case may not be removed under section (b)(3) on the basis of [diversity jurisdiction] more than 1 year after the commencement of this action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."[20]

Furthermore, "where the case is not removable because of joinder of defendants," *only* "the voluntary dismissal or nonsuit by [the plaintiff] of a party or of parties defendant" can convert a nonremovable case into a removable one."[21] The Fifth Circuit has described this "judicially-created voluntary-involuntary rule" as providing "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff."[22] But, "[w]hen the nondiverse defendant was improperly joined, "the voluntary-involuntary rule is inapplicable."[23]

---

[17] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
[18] 28 U.S.C. § 1446(b)(3).
[19] *Belser v. St. Paul Fire and Marine Ins. Co.*, 965 F.2d 5, *8 (5th Cir. 1992).
[20] 28 U.S.C. § 1446(c).
[21] *Hoyt v. Lane Construction Corp.*, 927 F.3d 287, 295 (2019) (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281, 38 S.Ct. 237, 62 L.Ed. 713 (1918)).
[22] *Id.* (quoting *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)).
[23] *Id.*

### b. Analysis

Plaintiffs argue that the Court should remand this case to state court because the removal is untimely under 28 U.S.C. § 1446[24] and because remand is mandated under the 'voluntary-involuntary rule.'[25] Plaintiffs further request the Court award movants fees pursuant to 28 U.S.C. § 1447(c).[26] Specifically, Plaintiffs argue that diversity first existed, and continues to exist, beginning when the non-diverse Defendant was dismissed in 2017. Therefore, the one-year limitation found in 28 U.S.C. § 1446(b)(3) prevents the case from being removed. Plaintiffs contend that the substitution of the two surviving heirs for the deceased Defendant does not restart the clock for removal purposes because "[a] suit revived by issuance of scire facias "is merely a continuation of the original action, and the substituted party stands in the same shoes as the original party."[27] As they go on to explain, "[Texas] Rule [of Civil Procedure] 152 does not require the parties to plead or replead, and the legal representative of a decedent in a suit revived under such a rule is deemed to have adopted the pleadings of the decedent."[28]

Defendants argue that this case was removed pursuant to 28 U.S.C. § 1446(b)(2) which they argue is not governed by the one-year removal limitation found in 28 U.S.C. § 1446(b)(3). Thus, because newly substituted Defendants removed this action pursuant to section 1446(b)(2), the one-year limitation does not apply to this case. Additionally, Defendants argue that even if the one-year rule applies, it is in direct collision with § 1446(c)(1) and § 1446(b)(2)(C).

The Fifth Circuit "has held that the first paragraph of section 1446(b) applies to cases which are removable as initially filed, the second paragraph applies to those cases which are not

---

[24] Dkt. No. 5 at 4-8.
[25] *Id.* at 8-9.
[26] *Id.* at 9-10.
[27] Dkt. No. 5 at 7 (citing *Estate of Pollack v. McMurray*, 858 S.W.2d 388, 390 n.2 (Tex 1993)).
[28] *Id.* (citing *Pewthers' Estate v. Holland Page Indus., Inc.,* 443 S.W.2d 392, 395 (Tex. Civ. App.—Austin, 1969, writ ref'd n.r.e.).

removable originally but become removable at a later time, and the one-year limitation on removals applies only to the second paragraph of that section, i.e., only cases that are not initially removable."[29] Thus, there are two distinct 30-day time frames for removal. When the basis for removal is apparent from the face of the initial pleading, 28 U.S.C. § 1446(b)(1) applies and the 30 day clock starts from the date that the defendant receives the initial pleading.[30] Each defendant gets 30 days after service of that initial pleading where the basis for removal was apparent[31] and earlier served defendants can join in the removal by a later served defendant.[32]

However, a second separate 30-day time frame arising under 28 U.S.C. § 1446(b)(3) applies to cases where the basis for removal was not apparent from the initial pleading.[33] In that case, the 30-day clock begins to run as soon as defendant receives an "amended pleading, motion, order or other paper which it may first be ascertained that the case is one which is or has become removable." But, section 1446(c)(1) dictates that a case in which section 1446(b)(3) applies cannot be removed more than one year after commencement of the action, unless the Court were to find that the plaintiff acted in bad faith to prevent the removal. In sum, a case that was non-removable from the initial pleading and commenced over a year ago is not removable unless the Court finds that the plaintiff acted in bad faith to prevent removal.

---

[29] *Johnson v. Heublein Inc.*, 227 F.3d 236 (5th Cir. 2000) (*New York Life Ins. Co. v. Deshotel et al.*, 142 F.3d 873, 886 (5th Cir. 1998)("Section 1446 requires that we interpret the one-year limitation on diversity removals as applying only to the second paragraph of that section, i.e., only to case that are not initially removable . . . . The first paragraph applies only to civil actions in which the case stated by the initial pleading is removable. The second paragraph applies only to civil actions in which the initial pleading is not removable . . . . [I]f the statute is read as written, it is not plausible that Congress intended to affect the statement of the first paragraph by creating an exception to that made by the second paragraph.")).

[30] 18 U.S.C. § 1446(b)(1).

[31] 18 U.S.C. § 1446(b)(2)(B).

[32] 18 U.S.C. § 1446(b)(2)(C).

[33] 18 U.S.C. § 1446(b)(3).

Pursuant to Texas Rule of Civil Procedure 152, "[w]here the defendant shall die, upon the suggestion of death being entered of record in open court, or upon petition of the plaintiff, the clerk shall issue a scire facias for the administrator or executor or heir requiring him to appear and defend the suit and upon the return of such service, the suit shall proceed against such administrator or executor or heir." The writs of scire facias were issued by the Hidalgo County District Clerk on April 25, 2023.[34] Defendants do not assert that they are not the appropriate heirs to be substituted, nor that the substitution was procedurally flawed.

Texas law is clear that the substituted party stands in the shoes of the deceased Defendant.[35] Texas courts have held that when a substitution of party is made pursuant to Rule 152, "the action proceed[s], not as a new suit . . . but as an action pending from the date of its original institution."[36] As one Texas Supreme Court Justice opined, "[t]he purpose of scire facias is not to start the litigation over from the beginning, but to substitute the legal representatives in the decedent's place. If the deceased's legal representatives fail to file new pleadings, they are deemed to have adopted the pleadings filed by and on behalf of the deceased.[37] Thus, when Defendants were substituted in place of the deceased Defendant in this case, this had the legal effect of making the substituted parties the defendants in the petition previously filed.[38]

This case was not removable from Plaintiffs' original complaint due to the lack of diversity from the inclusion of the non-diverse Defendant. Diversity first existed in 2017 upon the dismissal of the only non-diverse Defendant. Thus, if the case were to be removed at all, it would have been within 30 days of the dismissal of that non-diverse Defendant. However, because more than one

---

[34] Dkt. No. 1-4 & 1-5.

[35] *Estate of Pollack v. McMurray*, 858 S.W.2d 388, 390 n.2 (Tex 1993) (collecting cases).

[36] *Clark v. Turner*, 505 S.W.2d 941 (Tex. Civ. App.--Amarillo 1974) (citing *McCampbell v. Henderson,* 50 Tex. 601 (1879); 1 Tex. Jur. 2d s 139, at 139).

[37] *Est. of Pollack*, 858 S.W.2d at 394 (Tex. 1993) (Gonzalez, J., concurring).

[38] *See Clark*, 505 S.W.2d at 946 (Rule 151, T.R.C.P.; *Parris v. Jewell*, 57 Tex. Civ. App. 199, 122 S.W. 399 (1909, writ ref')).

year elapsed since the commencement of the action, the removal now is untimely. The later substitution of two diverse Defendants in place of the deceased diverse Defendant does not reopen the window for removability because the substituted Defendants are deemed to have been parties to this suit from the time that Defendant Jose Loredo Garza was added to the complaint. Therefore, the removal now is untimely.

### III. CONCLUSION AND HOLDING

For the foregoing reasons, Plaintiffs' motion to remand is hereby **GRANTED** and this case is remanded to state court.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 2nd day of August 2023.

_____
Micaela Alvarez
Senior United States District Judge